No. 1:18-cv-22204-KMW

# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA (MIAMI)

―――――――◆―――――――

REVERSE MORTGAGE SOLUTIONS, INC.,

*Appellant,*

v.

ALEIDA C. NUNEZ,

*Appellee.*

―――――――◆―――――――

On Appeal from the United States Bankruptcy
Court for the Southern District of Florida
Case No. 17-21018-LMI

―――――――◆―――――――

## APPELLEE'S ANSWER BRIEF

―――――――◆―――――――

Jacqueline C. Ledón, Esq.
Legal Services of Greater Miami, Inc.
4343 W. Flagler Street
Suite 100
Miami, FL 33134
305-438-2401
jledon@legalservicesmiami.org

Jeffrey M. Hearne, Esq.
Legal Services of Greater Miami, Inc.
4343 W. Flagler Street
Suite 100
Miami, FL 33134
305-438-2403
jhearne@legalservicesmiami.org

COUNSEL FOR APPELLEE ALEIDA C. NUNEZ

# Table of Contents

Table of Authorities ................................................................................. 2-3

Statement Regarding Oral Argument ........................................................ 3

Jurisdictional Statement ............................................................................ 3

Summary of Argument .............................................................................. 4-5

Argument .................................................................................................... 5

    I.   The bankruptcy court correctly determined the reverse mortgage unambiguously defines the debtor as a borrower consistent with controlling Florida law ............................................................. 5-8

    II.  It would be improper to consider extraneous evidence to construe or otherwise modify unambiguous contract terms .................... 8-11

    III. RMS' interpretation would render the mortgage unenforceable as to the debtor ......................................................................... 11-12

    IV. As a borrower under the reverse mortgage, the debtor may cure the arrears in her Chapter 13 plan despite not being personally liable for the debt ......................................................................... 13

Certificate of Service ................................................................................ 14

## Table of Authorities

*Acceleration Nat'l Serv. Corp. v. Brickell Fin. Servs. Motor Club, Inc.*,
541 So. 2d 738 (Fla. 3d DCA 1989) ............................................................. 9

*Carroll & Assocs., P.A. v. Galindo*,
864 So. 2d 24 (Fla. 3d DCA 2003) ............................................................. 11

*Edwards v. Reverse Mortgage Solutions, Inc.*,
187 So. 3d 895 (Fla. 3d DCA 2016) ..................................................... 6,7,8

*Hashwani v. Barbar*,
822 F.2d 1038 (11th Cir. 1987) ................................................................. 8

*Housing Opportunities Project v. SPV Realty, LC*,
212 So. 3d 419 (Fla. 3d DCA 2016) ........................................................... 7

*Hurt v. Leatherby Ins. Co.*,
380 So. 2d 432 (Fla. 1980) ......................................................................... 9

*In re Gray*,
530 B.R. 501 (Bankr. S.D. Fla. 2015) ...................................................... 13

*In re Harmon*,
No. 3:15-bk-3407-PMG, 2015 WL 8249995 (Bankr. M.D. Fla. Dec. 2, 2015)....13

*In re Nunez*,
No. 17-21018-BKS-LMI, 2018 WL 1568524 (Bankr. S.D. Fla. March 28, 2018) .5

*In re Ramirez*,
Case No. 13–20891–AJC, 2014 WL 1466212 (Bankr. S.D. Fla. April 4, 2014) ..10

*In re Woodham*,
174 B.R. 346 (Bankr. M.D. Fla. 1994)) .................................................... 10

*Johnson v. Home State Bank*,
111 S. Ct. 2150 (1991) ............................................................................. 13

*McClure v. Painewebber, Inc.*,
549 So. 2d 1157 (Fla. 3d DCA 1989) ......................................................... 9

*Nationstar Mortgage, Co. v. Levine*,
216 So. 3d 711 (Fla. 4th DCA 2017) ........................................................ 10

*OneWest Bank, FSB v. Palmero*,
Case No. 3D14-3114, 2018 WL 1832326 (Fla. 3d DCA April 18, 2018)
(*pending reh'g en banc*) ........................................................................ 6,7

*Pitzer v. Bretey*,
95 So. 3d 1005 (Fla. 2d DCA 2012) ........................................................... 7

*Reverse Mortgage Solutions v. Eady*,
No. 01-2014-CA-004485 (Fla. 8th Jud. Cir. Feb. 28, 2017) ............................ 11

*Sims v. New Falls Corp.*,
37 So. 3d 358 (Fla. 3d DCA 2010) ................................................................. 9

*Smith v. Reverse Mortgage Solutions, Inc.*,
200 So. 3d 221 (Fla. 3d DCA 2016) ......................................................... 6,7,8

*U.S. Fire Ins. Co. v. Fleekop*,
682 So. 2d 620 (Fla. 3d DCA 1996) ............................................................. 10

*Uransky v. First Fed. Sav. & Loan Ass'n*,
684 F.2d 750 (11th Cir. 1982) ........................................................................ 8

## Statement Regarding Oral Argument

Appellee respectfully requests oral argument be permitted to assist the Court in deciding this matter which will have precedential effect in bankruptcy proceedings involving reverse mortgages.

## Jurisdictional Statement

Appellee is not dissatisfied[1] with the Appellant's jurisdictional statement other than it appears to inadvertently omit the filing dates establishing the timeliness of the appeal. The order appealed is dated May 25, 2018. Appellant filed its notice of appeal on June 4, 2018 [D.E. 1], within the time constraints of Fed. R. Bankr. P. 8002(a)(1).

---

[1] Appellee is likewise not dissatisfied with Appellant's statement of the issues, the applicable standard of appellate review or the statement of the case (aside from the legal conclusions applied to the relevant, undisputed facts) which, accordingly, have been omitted from this brief for brevity's sake.

3

## Summary of Argument

This Court should affirm the bankruptcy court because it correctly held that the reverse mortgage, which RMS drafted, expressly defines the borrower to include the debtor who holds title to the property at issue as a remainderman. A simple review of the contract language makes clear that the defined term means exactly what it says: "The mortgagor is Olga Nunez a/k/a Olga E. Nunez, a single woman, as to the Life Estate interest and Aleida C. Nunez, a single woman, as to the remainder, whose address is 9940 Southwest 155th Avenue, Miami, FL 33196 ("Borrower")" [D.E. 48]. Even without applying relevant, precedential case law, the unequivocal language of the contract controls.

The relevant Florida appellate case law only confirms what is already self-evident in the mortgage instrument: the definition of borrower unambiguously includes all persons identified therein, regardless of who signed the note. Because the language of the reverse mortgage is clear, and the case law interpreting same has held the borrower definition is unambiguous, the bankruptcy court correctly decided the issue by looking only to the four corners of the contract. Absent an ambiguity, it would have been improper to resort to extraneous evidence to interpret or otherwise alter defined contract terms.

RMS advances an argument that, if taken to fruition, would render the mortgage instrument unenforceable as to the debtor. RMS defined the borrower to

4

include the debtor as a borrower because it had to encumber the debtor's otherwise homestead-protected interest. If, in fact, the debtor is not a borrower, then RMS will be unable to enforce its mortgage interest against the debtor. However, because the debtor is unambiguously a borrower under the reverse mortgage, she has the right under basic bankruptcy law to structure an affordable repayment plan to cure the tax and/or insurance arrears to save her home from foreclosure.

## Argument

I. **The bankruptcy court correctly determined the reverse mortgage unambiguously defines the debtor as a borrower consistent with controlling Florida law.**

The reverse mortgage expressly defines, in bold text, the debtor as a borrower for purposes of the mortgage: "The mortgagor is Olga Nunez a/k/a Olga E. Nunez, a single woman, as to the Life Estate interest and Aleida C. Nunez, a single woman, as to the remainder, whose address is 9940 Southwest 155th Avenue, Miami, FL 33196 ("Borrower")" [D.E. 48]. The bankruptcy court properly noted the term "["borrower"] is a defined term, and it is defined for purposes of the Reverse Mortgage as Mrs. Nunez and the Debtor." *In re Nunez*, No. 17-21018-BKS-LMI, 2018 WL 1568524, at *2 (Bankr. S.D. Fla. March 28, 2018). The analysis could end here.

That the debtor is a borrower under the reverse mortgage is buttressed by controlling Florida precedent. The provision at issue here is the same contractual

5

language that was at issue in *Smith* and *Edwards* which both hold that the definition of borrower unambiguously includes both individuals named therein despite the fact that only one individual signed the note. *Smith v. Reverse Mortgage Solutions, Inc.,* 200 So. 3d 221, 226 (Fla. 3d DCA 2016) ("based on the plain and unambiguous language of the mortgage – which was executed by both Mr. and Mrs. Smith – (i) **both** Mr. and Mrs. Smith were treated as the "Borrower" under the mortgage, and (ii) **each** borrower is protected from foreclosure of the mortgage until both borrowers die.") (emphasis in the original), *Edwards v. Reverse Mortgage Solutions, Inc.,* 187 So. 3d 895, 896 - 897 (Fla. 3d DCA 2016) (citing *Smith* for the proposition that the borrower definition is plain and unambiguous, noting that "it would be difficult, if not impossible, for us to construe [Mrs. Edwards] as anything other than a 'Borrower'"). Both decisions considered that the mortgage included two borrowers and the note only one, but nonetheless found no inconsistency or ambiguity.

RMS's argument relies extensively on a non-final Florida opinion, *OneWest Bank, FSB v. Palmero,* Case No. 3D14-3114, 2018 WL 1832326 (Fla. 3d DCA April 18, 2018) (*pending reh'g en banc*), to support its argument that the Debtor is not a borrower despite the clear mortgage terms it concedes define her as a

6

borrower. That reliance is misplaced, however, as the opinion is not final[2] and the subject of a pending motion for rehearing en banc filed on May 22, 2018. When an opinion could still be revised or withdrawn, courts and litigants are warned that it might be ill-advised to rely on it. *Pitzer v. Bretey*, 95 So. 3d 1005, 1006 (Fla. 2d DCA 2012). Moreover, *Palmero* is also distinguishable on its facts where the borrower had signed a "non-borrower" certification purporting to waive her right to stay in the property upon the co-borrower's death. *Id.* at *1. RMS does not proffer any such comparable document exists in the present case. Finally, the majority panel did not hold, nor even mention, that the definition of borrower was ambiguous. Whereas both Smith and Edwards expressly hold the borrower definition unambiguously includes all individuals named therein who sign the mortgage below the borrower covenant provision. *Smith*, 200 So. 3d at 226; *Edwards*, 187 So. 3d at 896 – 897.

In the absence of any decision on this issue by the Florida Supreme Court, the decisions of the Florida Third District Court of Appeal in *Smith* and *Edwards* are controlling. *Housing Opportunities Project v. SPV Realty, LC*, 212 So. 3d 419, 425 (Fla. 3d DCA 2016) (noting that federal courts "must follow the decision of an intermediate appellate state court in the absence of other persuasive indications that

---

[2] The opinion itself states in all capitalized text: "Notice: This opinion has not been released for publication in the permanent law reports. Until released, it is subject to revision or withdrawal."

7

the highest court of the state would decide otherwise"). Both cases unequivocally hold that the mortgage unambiguously define the borrower to include the individual who signed the mortgage, but not the note.

## II. It would be improper to consider extraneous evidence to construe or otherwise modify unambiguous contract terms.

RMS explicitly defines the borrower to include the debtor remainderman on the face of the mortgage [D.E. 48]. Florida's Third District Court of Appeal has twice held that this borrower definition unambiguously includes all persons named therein who sign the mortgage under the borrower covenant. *Smith,* 200 So. 3d at 226; *Edwards,* 187 So. 3d at 896 – 897. Where "the agreement between the parties is clear on the face of the mortgage . . . parol evidence to vary or contradict the clear terms of that agreement is inadmissible." *Uransky v. First Fed. Sav. & Loan Ass'n,* 684 F.2d 750, 755 (11th Cir. 1982) (applying the Florida parol evidence rule to a mortgage contract); *Hashwani v. Barbar,* 822 F.2d 1038, 1040 (11th Cir. 1987) (same, noting that "this Court will not rewrite the agreement to make it more favorable to the defendant than the agreement he signed") (internal citations omitted). Absent an ambiguity, the bankruptcy court was prohibited from considering any extrinsic evidence to interpret the contract:

> Before extrinsic matters may be considered by a court in interpreting a contract, the words used on the face of the contract must be ambiguous or unclear . . . In the absence of an ambiguity on the face of a contract, it is well settled that the actual language used in the contract is the best evidence of the intent of the parties, and the plain

8

meaning of that language controls. *Acceleration Nat'l Serv. Corp. v. Brickell Fin. Servs. Motor Club, Inc.*, 541 So. 2d 738, 739 (Fla. 3d DCA 1989) (internal citations omitted).

It is settled in Florida that a court may resort to the process of interpretation only when the words used in a contract are unclear. . . 'Ambiguities should arise from the words used in a contract before this court may resort to interpretation or construction to ascertain the intention of the parties' . . . This is as true of notes and mortgages as it is of other types of contracts . . . 'the doctrine of mutual construction' [which] provides that 'two documents executed by the same parties as part of a single transaction regarding the same subject matter must be read and construed together' . . . *may not be invoked to override the clear and unambiguous expression of agreement of the parties to a transaction*. *Sims v. New Falls Corp.*, 37 So. 3d 358, 361 (Fla. 3d DCA 2010) (internal citations omitted) (emphasis supplied).

When contract language is "clear and unambiguous, the courts cannot indulge in construction or interpretation of its plain meaning." *Hurt v. Leatherby Ins. Co.*, 380 So. 2d 432, 433 (Fla. 1980) (internal citation omitted). Since the reverse mortgage contract unambiguously defines the debtor as a borrower, the bankruptcy court correctly did not consider any extrinsic evidence. *McClure v. Painewebber, Inc.*, 549 So. 2d 1157, 1158 (Fla. 3d DCA 1989) (explaining that a contract's unambiguous language "constitutes evidence of the intent of the parties and renders examination of the surrounding facts and circumstances unnecessary").

To the extent RMS contends the reverse mortgage is ambiguous, any ambiguities must be construed against the drafter when interpreting a contract of adhesion such as a mortgage:

9

> It is an axiom of contract interpretation law that an ambiguous contract be interpreted against its drafter. Any ambiguity resulting from the deliberate choice of language will be interpreted most strongly against the party who wrote it . . . Insofar as contract language may be deemed ambiguous, Florida law dictates that any ambiguity will be interpreted against the party who selected the language . . . this principal of law is applicable to a mortgage . . . Furthermore, a mortgage can be termed an adhesion contract, since it is generally not bargained for; rather it is imposed on the mortgagor on a take it or leave it basis by the mortgagee. According to Black's Law Dictionary, the distinctive feature of an adhesion contract is that the weaker party has no realistic choice as to its terms. *The demand to interpret ambiguous language against the maker of an adhesion contract becomes even more imperative.*

*In re Ramirez*, Case No. 13-20891-AJC, 2014 WL 1466212, at *2 (Bankr. S.D. Fla. April 4, 2014) (citing *In re Woodham*, 174 B.R. 346 (Bankr. M.D. Fla. 1994)) (emphasis supplied). *See also U.S. Fire Ins. Co. v. Fleekop*, 682 So. 2d 620, 627-28 (Fla. 3d DCA 1996) (internal citations omitted) (noting that "if [the health insurer] had intended to exclude [certain injuries], they had every opportunity to say so explicitly. They have no cause now to complain because of their own oversight.").

RMS defined the borrower to include the debtor. It could have easily identified the debtor as a non-borrower on the face of the mortgage, as the lenders did in *Nationstar Mortgage, Co. v. Levine*, 216 So. 3d 711 (Fla. 4th DCA 2017)

10

and *Reverse Mortgage Solutions v. Eady*[3], No. 01-2014-CA-004485 (Fla. 8th Jud. Cir. Feb. 28, 2017). The mortgage could have likewise defined the borrower as the person who signs the note which is precisely how the borrower is defined in the note. RMS failed to do either and cannot now ask this Court to rewrite the contract, particularly without consideration of the homestead protections the debtor forfeited when she executed the mortgage. Because the bankruptcy court and Florida law establish that the definition of borrower unambiguously includes the debtor, there was no need – and it would have been improper – for the bankruptcy court to hold an evidentiary hearing to decide a question of contract interpretation which is purely a matter of law.

### III. RMS' interpretation would render the mortgage unenforceable as to the debtor.

To validly encumber a property with a mortgage, Florida law requires the signatures of all persons with an interest in the real property including remaindermen. *Carroll & Assocs., P.A. v. Galindo,* 864 So. 2d 24, 29-30 (Fla. 3d DCA 2003) (life tenant cannot unilaterally encumber or foreclose remainderman's interest). By requiring the signature of the remainderman to encumber the property, RMS acknowledged the debtor's rights and interest in the property.

---

[3] RMS inadvertently cites the *Eady* decision as an appellate decision, but it is a non-binding trial court decision distinguishable on its facts, as described *supra*.

11

At the hearing on RMS' motion for reconsideration, the bankruptcy court explained that the mortgage would potentially be invalid if the definition of "borrower" did not include the remainderman because if the debtor "is not the borrower . . . [then] she is not obligated under that mortgage to allow her interest to be subjected to that payment" [D.E. 7 at 15:11-16]. By disputing the debtor's status as a borrower, RMS appears to argue that the debtor is not bound by the terms of the reverse mortgage. If the definition of borrower does not include debtor for her remainderman interest that existed when the reverse mortgage was entered, then the debtor will not have received consideration for encumbering her interest and she is free and clear of the encumbrance of the reverse mortgage and not subject to foreclosure.

The debtor is included in the definition of borrower "as remainderman". She acknowledged this status with her signature: "BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it."[4] Her interest is identified as remainderman in both the definition of borrower and in her signature. There is no ambiguity that debtor, as remainderman, is a borrower as defined at the beginning of the document, and entitled to the rights of the borrower under the terms of the reverse mortgage.

---

[4] No riders were recorded with the Reverse Mortgage.

12

## IV. As a borrower under the reverse mortgage, the debtor may cure the arrears in her Chapter 13 plan despite not being personally liable for the debt.

RMS' cites to *In re Gray*, 530 B.R. 501 (Bankr. S.D. Fla. 2015) and *In re Harmon*, No. 3:15-bk-3407-PMG, 2015 WL 8249995 (Bankr. M.D. Fla. Dec. 2, 2015) for the proposition that the debtor "may only keep the property if she pays the Note in full during the course of her chapter 13 plan." [D.E. 11 at p.39]. These cases, however, are distinguishable because in both cases the debtor did not sign the reverse mortgage. The *Gray* and *Harmon* debtors merely inherited the properties from their parents and sought to satisfy the mortgage through their plans.

Here, the debtor is a borrower and, as such, is entitled to the rights and bound by the obligations of the reverse mortgage. The debtor has the right to cure the tax and insurance arrears through the plan despite the fact that she has no personal liability on the underlying note. *Johnson v. Home State Bank*, 111 S. Ct. 2150, 2151 (1991) (holding that even a debtor who received a chapter 7 discharge of his personal liability under a mortgage could still treat the mortgage in a subsequent chapter 13 plan).

13

## **CERTIFICATE OF SERVICE**

I certify that on November 13, 2018, I electronically filed the foregoing with the Clerk of the Court, which will send notification of such filing to the following parties:

Edwin Gilbert Rice
BRADLEY ARANT BOULT
CUMMINGS LLP
100 S. Ashley Drive #1300
PO Box 3333
Tampa, FL 33601-3333
813-229-3333
erice@bradley.com

James B. Bailey
(pro hac vice pending)
BRADLEY ARANT BOULT CUMMINGS LLP
1819 Fifth Avenue North
Birmingham, AL 35203
205-521-8913
jbailey@bradley.com

Gianny Blanco
Freire & Gonzalez, P.A.
10647 N. Kendall Drive
Miami, FL 33176
Email: gianny@freiregonzalez.com

Laila Shilleh Gonzalez
Freire & Gonzalez
1800 W 49 Street
Suite 311
Hialeah, FL 33012-2947
Email: freire-gonzalez@anewbroadband.net

/s/ *Jacqueline C. Ledón*
Jacqueline C. Ledón, Esq.