UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 18-22204-CIV-WILLIAMS

REVERSE MORTGAGE SOLUTIONS, INC.,

    Appellant,

vs.

ALEIDA C. NUNEZ,

    Appellee.
_____/

### APPELLEE NUNEZ'S MOTION FOR REHEARING

Appellee, Aleida C. Nunez ("Debtor"), moves the Court pursuant to Rule 8022 of the Federal Rules of Bankruptcy Procedure for rehearing of the Final Judgment entered April 25, 2019 (D.E. 30).

### STANDARD OF REVIEW

Fed. R. Bankr. P. 8022 provides for a motion for rehearing of a district court's final order within 14 days after entry of judgment on appeal. "The motion must state with particularity each point of law or fact that the movant believes the district court or BAP has overlooked or misapprehended." Rule 8022(a)(2). Although the Rule itself is silent as to the standard for rehearing, courts in the

1

Eleventh Circuit, including the Southern District of Florida, have applied the same standard to a Rule 8022 motion as that for a motion for reconsideration under Fed. R. Civ. P. 59(e). *Tucker v. Mukamal*, 2015 WL 10986356, *1 (S.D. Fla. 2015).

When considering Rule 59(e) motions, courts have consistently held that "[t]here are three major grounds upon which a court will grant a motion for reconsideration: (1) where there is an intervening change in the controlling law; (2) where there is new evidence available; and (3) where there is a need for the court to correct clear error or manifest injustice." *MSPA Claims 1, LLC v. Tower Hill Prime Ins. Co.,* 2017 WL 1289321, *1 (S.D. Fla. 2017). In the present case there has been a substantive change in the controlling law cited by this Court, and a need to prevent a manifest injustice.

I. **DEBTOR IS A BORROWER UNDER THE EN BANC *PALMERO* OPINION WHICH IS AN INTERVENING DECISION CHANGING THE CONTROLLING LAW CITED BY THIS COURT**

The issue in this case is whether the Debtor is a borrower under the terms of the Adjustable Rate Home Equity Conversion Mortgage ("the Reverse Mortgage") and whether she was required to pay the entire balance of the note through her bankruptcy plan. In this Court's Order (D.E. 28) and subsequent Final Judgment, this Court relied on *OneWest Bank, FSB v. Palmero,* 2018 WL 1832326 (Fla. 3d

2

DCA April 18, 2018) (unpublished opinion)[1], to reverse the Bankruptcy Court's ruling that the Debtor was a borrower under the mortgage. Specifically, this Court held in its conclusion: (1) "All of the reverse mortgage transaction documents should have been considered together", and (2) interpreting the documents together "Debtor does not constitute a 'Borrower'." (D.E. 28 at p. 16). Both of these holdings, however, have now been superseded by the intervening decision of the *Palmero* court, *en banc*, withdrawing its 2018 opinion and holding that *Smith v. Reverse Mortgage Solutions, Inc,* 200 So. 3d 221 (Fla. 3d DCA 2016) and *Edwards v. Reverse Mortgage Solutions, Inc.* 187 So. 3d 895, 896-97 (Fla. 3d DCA 2016), control when the reverse mortgage unambiguously defines the borrower. *OneWest Bank, FSB v. Palmero*, 2019 WL 1783727 (Fla. 3d DCA 2019) *en banc*, Apr. 24, 2019.[2] In fact, the *en banc Palmero* opinion cites favorably to the Bankruptcy Court's ruling in this case.

---

[1] As the banner on the 2018 opinion states: "NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION IN THE PERMANENT LAW REPORTS. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL." "When the disposition of an appellate proceeding is issued, the disposition is 'final' in that it signals the end of judicial labor, subject to the available post-opinion motions permitted by Florida Rules of Appellate Procedure 9.330 and 9.331….The banner [communicates] that adjustments in the opinion might still be undertaken." *Pitzer v. Bretey,* 95 So. 3d 1005, 1006 (Fla. 2d DCA 2012).

[2] The opinion has not yet been released for publication and the time for rehearing has not yet passed. The opinion can be found on the court's website: http://www.3dca.flcourts.org/opinions/3D14-3114.rh.pdf

Debtor is a Borrower as a matter of law, because the mutuality of construction doctrine does not apply where, as here, the terms of the reverse mortgage are clear and unambiguous. It is now clear that a condition precedent to acceleration, the death of all borrowers, has not been met. The Debtor is a surviving borrower under the Reverse Mortgage as a matter of law, and still resides in the property as her principal residence. Therefore, Appellant may not accelerate the loan and Debtor is not required to pay the full note balance through her bankruptcy plan.

Based on the change in controlling law, this Court should reconsider its prior Order, affirm the Bankruptcy Court's finding that Aleida Nunez is a "Borrower" under the unambiguous terms of the Reverse Mortgage at issue, and affirm the Chapter 13 Plan in accordance with *Palmero, Smith,* and *Edwards.* The Third District Court of Appeal in *Smith*, *Edwards*, and *Palmero* looked only at the language of the Reverse Mortgage itself, as the lender was seeking only to foreclose the Reverse Mortgage and sought no relief under the promissory note. "A federal court must follow the decision of an intermediate appellate state court in the absence of other persuasive indications that the highest court of the state would decide otherwise." *Housing Opportunities Project v. SPV Realty, LC,* 212 So. 3d 419, 425 (Fla. 3d DCA 2016).

Where the Reverse Mortgage unambiguously defined and identified the defendant as "Borrower", no other documents are permitted to be considered. If "the agreement between the parties is clear on the face of the mortgage...parol evidence to vary or contradict the clear terms of that agreement is inadmissible." *Uransky v. First Fed. Sav. & Loan Ass'n,* 684 F.2d 750, 755 (11th Cir. 1982) (applying the Florida parol evidence rule to a mortgage contract); *Hashwani v. Barbar*, 822 F.2d 1038, 1040 (11th Cir. 1987). "When, as here, a reverse mortgage document unambiguously requires conditions precedent to foreclose, we are loath to graft inconsistent provisions contained in collateral loan documents on the reverse mortgage to alter those unambiguous conditions precedent." *Palmero*, 2019 WL 1783727, *16-17. RMS acknowledges that it seeks only to foreclose the Reverse Mortgage. As in *Smith*, *Edwards,* and *Palmero*, the language of the Reverse Mortgage itself controls.

## II. RECONSIDERATION IS NECESSARY TO DO JUSTICE, AND WILL NOT IMPAIR THE LENDER'S RIGHTS UNDER THE NOTE

By signing the Reverse Mortgage, the Debtor became not only obligated to its terms, but also protected by its terms (acceleration allowed only upon death of both Borrowers).  RMS, on the other hand, is not harmed by applicability of the holdings of *Smith, Edwards,* and *Palmero*, in that the persons identified and

defined as borrowers by the Reverse Mortgage are in fact borrowers for all purposes under the mortgage terms. This is consistent with applicable federal law. As the court noted in *Plunkett, v. Castro*, 67 F. Supp. 3d 1, 13 (D.D.C. 2014), lenders have significant incentives not to foreclose on persons identified as the borrowers in the reverse mortgage, because they "continue earning interest on a loan that is fully insured by the federal government up to the maximum loan amount." *Id*. at 19. The likelihood is that the property will increase in value over time, but even if the property loses value, lenders are protected by the federal mortgage insurance that is an inherent part of the reverse mortgage. Nor does it adversely affect the lender's interest that the second Borrower in this case is the 69 year-old daughter of the deceased borrower, and therefore younger. The same would be true in any case where the two borrowers have significantly different ages, whether of an older spouse and a much younger surviving spouse or, as here, a mother and daughter who both used the property as their principal residence and homestead. There is no "windfall" to the Debtor if the Court enforces the terms of the Reverse Mortgage against its drafter.

## **CONCLUSION**

Based upon the April 24, 2019, en banc *Palmero* opinion from Third District Court of Appeal, this Court should reconsider its prior Order and affirm the Bankruptcy Court's ruling in this case.

Respectfully submitted,

LEGAL SERVICES OF GREATER
MIAMI, INC.
Attorneys for Appellee
4343 W. Flagler Street, Suite 100
Miami, Florida 33134
Telephone/Facsimile: (305) 438-2403
jhearne@legalservicesmiami.org

/s/
Jeffrey M. Hearne, Esq.
Florida Bar No.: 0512060
Maxine Long, Esq.
Florida Bar No.: 286842


J. MUIR & ASSOCIATES, P.A.
Jacqueline C. Ledón
Florida Bar No. 22719
1900 N. Bayshore Dr. Ste. 1A
Miami, FL 33132
Telephone: 786-533-1100
Facsimile: 786-533-1101
jackie@jmuirandassociates.com

## Certificate of Compliance with Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

1. This document complies with the word limit rule of Fed. R. Bankr. P. 8013(f) and Fed. R. Bankr. P. 8015(h) because, excluding the parts of the document exempted by Fed. R. Bankr. P. 8015(g): this document contains 1,433 words.

2. This document complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the type-style requirements of Fed. R. Bankr. P. 8015(a)(6) because this document has been prepared in a proportionally spaced typeface using MS Word in 14 point Times New Roman.

/s/ *Jeffrey M. Hearne*
Jeffrey M. Hearne

## CERTIFICATE OF SERVICE

**I CERTIFY** that on May 3, 2019, I electronically filed the Motion with the Clerk of the Court, which will send notification to the following parties:

Edwin Gilbert Rice
BRADLEY ARANT BOULT CUMMINGS LLP
100 S. Ashley Drive #1300
PO Box 3333
Tampa, FL 33601-3333
813-229-3333
erice@bradley.com

Gianny Blanco
Freire & Gonzalez, P.A.
10647 N. Kendall Drive
Miami, FL 33176
Email: gianny@freiregonzalez.com

Laila Shilleh Gonzalez
Freire & Gonzalez
1800 W 49 Street
Suite 311
Hialeah, FL 33012-2947
Email: freire-gonzalez@anewbroadband.net

James B. Bailey
(*pro hac vice pending*)
BRADLEY ARANT BOULT CUMMINGS LLP
1819 Fifth Avenue North
Birmingham, AL 35203
205-521-8913
jbailey@bradley.com

/s/ *Jeffrey M. Hearne*
Jeffrey M. Hearne